**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00306-KAS

DINESH KALERA, Individually and on
Behalf of All Other Similarly Situated,

      Plaintiff,

  v.

MODIVCARE, INC., L. HEATH SAMPSON,
KENNETH SHEPARD, and BARBARA K.
GUTIERREZ,

      Defendants.

---

**CHRISTOPHER SKRYPSKI'S OPPOSITION TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUSNEL**

---

i

I.    **PRELIMINARY STATEMENT**

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as "lead plaintiff" the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). That person or entity is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). Christopher Skrypski is the movant with the largest financial interest in the outcome of the litigation and that satisfies Rule 23's typicality and adequacy requirements. Therefore, the Court should grant Mr. Skrypski's motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

Courts in this District typically evaluate financial interests using the following four factors: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) approximate recoverable losses (the "*Lax* factors"). *Mariconda v. Farmland Partners,* No. 18-cv-021040DME-NYW, 2018 WL 6307868, at \*3 (D. Colo. Dec. 3, 2018); *see also Lax v. First Merchants Acceptance Corp.,* Nos. 97-Civ.-2715 et al., 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997). When using these factors to evaluate the movants' respective financial losses, it is clear that Mr. Skrypski possesses the "largest financial interest" in the outcome of the litigation.

As the following table demonstrates, Mr. Skrypski possesses the largest financial interest in the Action under all four *Olsten/Lax* factors.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Christopher Skrypski | 24,326 | 4,916 | $263,018.76 | $184,496.41 |
| Irving Firemen's Relief and Retirement Fund | 1,050 | -1,072 | $8,379.84 | $21,696.87 |
| Matt Rose | 500 | 500 | $22,145.00 | $14,159.00 |
| Dinesh Kalera | 3,250 | 1,599 | $26,956.35 | $1,333.26 |

*See* ECF Nos. 17-2, 18-3, 20-3, and 21-3.

With ***over eight times more*** losses than the next closest movant, Irving Firemen's Relief and Retirement Fund, there can be no dispute that Mr. Skrypski holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Skrypski has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Cooke v. Equal Energy Ltd.*, 14-cv-0087-C, 2014 WL 3819159, at *2 (W.D. Okla. May 8, 2014). Mr. Skrypski is typical of the other class members insofar as he acquired ModivCare Inc. ("ModivCare" or the "Company") securities between November 3, 2022, and September 15, 2024, inclusive (the "Class Period") and was damaged as a result. Mr. Skrypski does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his 20 years of investing experience. *See* ECF No. 17-4.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Skrypski is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mr. Skrypski is somehow atypical or inadequate, he is entitled to

be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Skrypski respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.     ARGUMENT

### A.     <u>The Process for Appointing a Lead Plaintiff Under the PSLRA</u>

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). "The PSLRA instructs district courts to appoint as lead plaintiff the class member that 'it determines to be most capable of adequately representing the interests of class members,'" presumptively the movant "who has the greatest financial stake in the outcome of the case, *so long as he meets the requirements of Rule 23*". *In re Bard Assocs., Inc.,* No. 09-6243, 2009 WL 4350780, at \*2 (10th Cir. Dec. 2, 2009) (emphasis in original).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Meyer v. Paradigm Med. Indus.,* 225 F.R.D. 678, 683 (D. Utah 2004). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

If the movant with the "largest financial interest" either fails to "satisf[y] the requirements of Rule 23" or is otherwise at risk of being "subject to a unique defense[]" such that the presumption of "most adequate plaintiff" is rebutted, then that movant is disqualified and the analysis is performed again beginning with the movant with the next "largest financial interest" in the litigation. *See Kapur v. USANA Health Scis., Inc.,* No. 2:07CV177DAK, 2007 WL 3046664, at *2 (D. Utah Oct. 17, 2007) (""[A] district court should 'examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order'" if the presumptively most capable plaintiff is inadequate or atypical.) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

**B.**     **Financial Interest is Measured Using Four Factors**

When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest and then decide whether they have met the adequacy and typicality requirements of Rule 23. 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I)(bb). Courts within this District recognize that "there appears to be a clear weight of authority favoring the four-factor *Lax* test…and when applying this test, courts typically use the "last in, first out" ("LIFO") or "first in, first out" ("FIFO") method to calculate losses on the sale of securities, although the former is greatly preferred." *Mariconda,* 2018 WL 6307868, at *3; *see also In re Molson Coors Brewing Co. Sec. Litig.*, Nos. 19-cv-00455-DME-MEH;. 19-cv-00514-DME-MEH, 2019 WL 10301639, at *2 (D. Colo. Oct. 3, 2019). The four *Lax* factors are (1) the total number of shares

4

purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered, with the fourth factor, the approximate loss suffered, being the most significant. *Mariconda*, 2018 WL 6307868 at \*3; *see also Lax*, 1997 WL 461036, at \*5.

When comparing the movants' respective financial interest under the *Lax* factors, it is clear that Mr. Skrypski possesses the largest financial interest in the litigation, as demonstrated in the below table:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Christopher Skrypski | 24,326 | 4,916 | $263,018.76 | $184,496.41 |
| Irving Firemen's Relief and Retirement Fund | 1,050 | -1,072 | $8,379.84 | $21,696.87 |
| Matt Rose | 500 | 500 | $22,145.00 | $14,159.00 |
| Dinesh Kalera | 3,250 | 1,599 | $26,956.35 | $1,333.26 |

*See* ECF Nos. 17-2, 18-3, 20-3, and 21-3.

As compared to Irving Firemen's Relief and Retirement Fund ("IFRRF"), Mr. Skrypski purchased *23,276 more* gross shares, retained *5,988 more* net shares, expended $*254,638.92 more*, and lost over *eight times* more money than IFRRF lost on its ModivCare shares. Accordingly, Mr. Skrypski has the largest financial interest in this matter.

**C.    Mr. Skrypski Satisfies Rule 23's Typicality and Adequacy Requirements**

Not only does Mr. Skrypski possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

The typicality requirement is satisfied "so long as the claim of the class representative and

5

class members are based upon the same legal or remedial theory." *In re Crocs, Inc. Sec. Litig.,* No

07-cv-2351-REB-KLM, 2008 WL 4298316, at *2 (D. Colo. Sept. 17, 2008); *see also In re Drexel

Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) (The typicality requirement "is

satisfied when each class member's claim arises from the same course of events, and each class

member makes similar legal arguments to prove the defendant's liability."). Mr. Skrypski's claims

are typical of those of other class members because, like other class members, he purchased

ModivCare securities during the Class Period at prices artificially inflated by Defendants'

misrepresentations and/or omissions that form the basis of the Action. *See* Memorandum in

Support of Motion, *See* ECF No. 16 at pp. 9-10. Moreover, Mr. Skrypski's claims are based on the

same legal theory and arise from the same events and course of conduct as the class's claims.

*Armbruster v. Gaia, Inc.,* Civil Action No. 22-cv-03267-NYW-STV, 2023 WL 2613817, at *3 (D.

Colo. Mar. 23, 2023).

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Skrypski must

make a preliminary showing of: "(1) the absence of potential conflict between the named plaintiffs

and the class members and (2) that counsel chosen by the representative parties is qualified,

experienced and able to vigorously conduct the proposed litigation." *Wolfe v. Aspenbio Pharma,

Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011). Mr. Skrypski resides in Nescopeck, Pennsylvania and

possesses a Master of Science in Physical Therapy. *See* Mr. Skrypski's Declaration, ECF No. 17-

4. He has been investing in the stock market for 20 years. *Id*.  He is the founder and CEO of

Compass Home Health & Rehab LLC ("Compass"). *Id*. Compass was incorporated in 2015. *Id*.

Compass is a Medicare Certified Home Health Care Agency that provides various home health

care and related services. *Id*.  Further, Mr. Skrypski has experience overseeing attorneys, as he has

hired attorneys for business-related matters. *Id*. Moreover, Mr. Mr. Skrypski has selected Levi & Korsinsky, LLP as his counsel, a firm that is qualified, experienced, and able to conduct the litigation. *See* Levi & Korsinsky firm resume, ECF No. 17-5. This will ensure the vigorous and adequate prosecution of the class's claims. *In re Ribozyme Pharm. Sec. Litig.,* 192 F.R.D. 656, 659 (D. Colo. 2000); *see also City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Skrypski has no conflicts with other class members. *See* ECF No. 16 at p. 10; *In re Ribozyme,* 192 F.R.D. at 659. Moreover, not only is there no evidence of any antagonism between Mr. Skrypski's interests and those of the class, but Mr. Skrypski has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.*, 20-Cv-6707 (SHS), et. al., 2020 WL 6484490, at *2-3 (S.D.N.Y. Nov. 4, 2020).

Mr. Skrypski, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Skrypski is entitled to the presumption that he is the "most adequate plaintiff[s]" and that he should be appointed as lead plaintiff. 15 U.S.C §78u-4(a)(3)(B)(iii)(II). This presumption may be rebutted only upon proof by a class member that Mr. Skrypski "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C §78u-4(a)(3)(B)(iii)(II); *Wolfe*, 275 F.R.D. at 628.

The competing lead plaintiff movants can only rebut the presumption with ***actual proof*** that Mr. Skrypski is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *In re Molycorp, Inc. Sec. Litig.*, Civil Action No. 12-cv-0292-WJM-KMT, 2012 WL 13013602, at *2 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the movant is either atypical or

inadequate. However, ***speculation*** that a movant may be either atypical or inadequate ***will not defeat*** the PSLRA's most adequate plaintiff presumption.") (citing *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002)); *see also Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 WL 10846763, at *2 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"). The other movants have not and cannot do this.

At most, IFRRF may raise the argument that it should be appointed lead plaintiff (or co-lead plaintiff) solely because it is an "institutional investor." *See* IFRRF's Opening Brief, ECF No. 19 at p. 4. Courts have repeatedly rejected this argument when raised because it lacks merit and contradicts the express wording of the PSLRA. "[IFRRF] has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to [Mr. Skrypski] as the plaintiff[] who undeniably [has] the largest financial interest in this case." *Francisco v. Abengoa, S.A.*, 15 Civ. 6279 (ER), et. al., 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016); *accord Marquez v. Bright Health Grp., Inc.*, 22-CV-101 (AMD) (RLM), 2022 WL 1314812, at *9 (E.D.N.Y. Apr. 26, 2022). Additionally, as previously demonstrated, Mr. Skrypski provided the information necessary to establish his ability to serve as lead plaintiff. *See* Mr. Skrypski's Declaration, ECF No. 17-4; *see also Murphy v. Argo Blockchain PLC*, 683 F. Supp. 3d 211, 223 (E.D.N.Y. 2023) (movant provided declaration with "background and business experience, and [competing movant] provides no grounds to doubt those qualifications"); *accord*

*Blake v. Canoo Inc.*, 2022 WL 599504, at \*5 (C.D. Cal. Feb. 18, 2022); *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 570 (E.D. Tex. 2021).

Absent "proof" demonstrating Mr. Skrypski's inadequacy or inability to serve as lead plaintiff, IFRRF cannot rebut his presumptive status as lead plaintiff. *See, e.g., Kapur v. Usana Health Sciences, Inc.*, No. 2:07CV177DAK, 2007 WL 3046664, at \*3 (D.Utah Oct. 17, 2007) (rejecting pension fund movant who failed to raise any rebuttal arguments, since it "seems to focus on the fact that an institutional investor is superior in its ability to supervise litigation," concluding that "[t]he court need not compare attributes of competing individual and institutional investors.…"); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) ("Reform Act 'provides in categorical terms that the only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake.'" (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (italics in original). As Mr. Skrypski is the movant with the largest financial interest who also satisfies the Rule 23 requirements, IFRRF's status as an institutional investor is irrelevant.[1]

---

[1] Conversely, IFRRF's status as a "net seller" appears to be disqualifying. Shareholders who sell more shares in a given class period than they buy are routinely disqualified from serving as lead plaintiffs. Courts refer to these shareholders as "net sellers" and preclude them from representing classes because they are vulnerable to "unique defenses" regarding damages such that "courts around the country consistently have rejected applications for lead plaintiff made by net sellers and net gainers, recognizing the difficulty of proving damages at trial." *Deering v. Galena Biopharma, Inc.,* Nos. 3:14–cv–00367–SI, et. al., 2014 WL 4954398, at \*11 (D. Or. 2014) (collecting cases); *In re Bausch & Lomb Inc. Sec. Litig.,* 244 F.R.D. 169, 173-74 (W.D.N.Y. 2007) (collecting cases holding that "net seller should not serve as a lead plaintiff because 'a net seller may be deemed to have benefitted from the fraud'"); *In re Mills Corp. Sec. Litig.,* No. 1:06-77 (GBL), 2006 WL 2035391, at \*3 (E.D. Va. 2006) ("Courts generally reject a party's motion for lead plaintiff if the party is a net seller of shares during the class period."); *Weisz v. Calpine Corp.,* No. C 02-1200 SBA, 2002 WL 32818827, at \*7 (N.D. Cal. Aug. 19, 2002) (Courts have found net sellers inadequate to serve as lead plaintiff and have "remove[d] [them] from consideration for

## III.    CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Skrypski respectfully

requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; and (2)

approve Levi & Korsinsky, LLP as Lead Counsel for the Class.


Dated: April 21, 2025                                    Respectfully submitted,

                                                         **LEVI & KORSINSKY, LLP**

                                                         */s/ Adam M. Apton*
                                                         Adam M. Apton
                                                         33 Whitehall Street, 17th Floor
                                                         New York, NY 10004
                                                         Telephone: (212) 363-7500
                                                         Facsimile: (212) 363-7171
                                                         Email: aapton@zlk.com

                                                         *Counsel for Christopher Skrypski and*
                                                         *Proposed Lead Counsel for the Class*

---

appointment as lead plaintiff."); *In re Comdisco Sec. Litig.,* 150 F. Supp. 2d 943, 946 (N.D. Ill.
2001) (observing that net seller is "totally out of the running for designation as lead plaintiff"); *In re McKesson HBOC, Inc. Sec. Litig.,* 97 F. Supp. 2d 993, 997 (N.D. Cal. 1999) ("a net seller has arguably profited more from the fraud than it has been injured, possibly reducing its incentive to litigate").

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*

Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

11