## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00306


DINESH KALERA, Individually and on
Behalf of All Other Similarly Situated,

                         Plaintiff,

v.

MODIVCARE, INC., L. HEATH
SAMPSON, KENNETH SHEPARD, and
BARBARA K. GUTIERREZ,

                         Defendants.

---

**DECLARATION OF PATRICE L. BISHOP IN FURTHER SUPPORT OF IRVING
FIREMEN'S RELIEF AND RETIREMENT FUND MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL AND IN
OPPOSITION TO COMPETING MOTION**

---

I, Patrice L. Bishop, declare and say that:

1.    I am Of Counsel with the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T"), a member of the State Bar of California, and admitted to practice before this Court. AF&T is counsel for lead plaintiff movants Irving Firemen's Relief and Retirement Fund ("IFRRF") and proposed lead counsel for the putative class of the above-captioned securities class action. I submit this Declaration in further support of the IFRRF's Motion for Appointment of Lead Plaintiff and Lead Counsel and in Opposition to the Competing Motion. I have personal knowledge of the matters stated herein and if called as a witness could and would competently testify thereto.

2.    On April 1, 2025, AF&T began its review of the competing motions for lead plaintiff. *See* ECF Nos. 16-18, 21.

3.    Upon review of the Motion of Christopher Skrypski for Appointment as Lead Plaintiff and Approval of Selection of Counsel (ECF No. 16) and its supporting documents (*see* ECF No. 17), AF&T became concerned about the nature of Mr. Skrypski's trades and his background. Accordingly, AF&T did some independent computer research and retained an investigator to further consider Mr. Skrypski's qualifications to act as lead plaintiff for the putative class in the above-entitled action.

4.    Through AF&T's investigation, AF&T learned that Mr. Skrypski worked for a company called CareGivers America ("CareGivers") from approximately 2009 to 2016. CareGivers was a privately-owned healthcare company, providing services, including rehabilitation services. CareGivers was in the same essential business as ModivCare. While at CareGivers, Mr. Skrypski was the Director of Rehabilitation Services. Mr. Skrypski left CareGivers to form his own company, called Compass Home Health and Rehab LLC

- 1 -

("Compass"), offering essentially the same services as CareGivers. Attached hereto as Exhibit "1" is a true and correct copy of Mr. Skrypski's LinkedIn page, accessed and saved as a pdf document in April 2025. *See also* https://npidb.org/organizations/agencies/home-health_ 251e00000x/1881046696.aspx.

5. At least four former CareGivers employees became employees of Compass. *See* Exhibits 2-5.

6. Attached hereto as Exhibit "2" is a true and correct copy of Lisa Bolton's LinkedIn page, accessed and saved as a pdf document in April 2025.

7. Attached hereto as Exhibit "3" is a true and correct copy of Kristin N's LinkedIn page, accessed and saved as a pdf document in April 2025.

8. Attached hereto as Exhibit "4" is a true and correct copy of Scott Marek's LinkedIn page, accessed and saved as a pdf document in April 2025.

9. Attached hereto as Exhibit "5" is a true and correct copy of Amanda Stark's LinkedIn page, accessed and saved as a pdf document in April 2025.

10. Moreover, it appears that Mr. Skrypski's wife was a former CareGivers employee and now works or worked for Compass. Attached hereto as Exhibit "6" is a true and correct copy of printout of information maintained by dun & bradstreet and LexisNexis regarding Meghan Skrypski's employment, accessed and saved as a pdf document in April 2025.

11. CareGivers was founded in or about 2002 by Paul Bartoletti ("Bartoletti"). Attached hereto as Exhibit "7" is a true and correct copy of article from *The Times-Tribune*, entitled "Home care industry is quickly growing," and dated March 13, 2016.

12. Attached hereto as Exhibit "8" is a true and correct copy of Paul Bartoletti's LinkedIn page accessed and saved to pdf format in April 2025.

13.    Bartoletti's daughter, Mia Bartoletti Haney ("Haney"), served as President of CareGivers from approximately 2008 to 2022.  Haney was appointed Chief Operating Officer of the Personal Care Division at ModivCare and held that position from January 2022 until September 2023.  Attached hereto as Exhibit "9" is a true and correct copy of Mia Haney's LinkedIn page accessed and saved to pdf format in April 2025.

14.    According to AF&T's research, in 2014, CareGivers was acquired by All Metro Health Care, which was owned by Nautic Partners, a private equity firm. Attached hereto as Exhibit "10" is a true and correct news release entitled "Nautic Partners Acquires All Metro Health Care Services, Inc." and dated September 11, 2014.

15.    In February 2016, All Metro Health Care and its subsidiaries, including CareGivers, was sold to One Equity Partners. Attached hereto as Exhibit "11" is a true and correct news release entitled "OEP acquires All Metro Health Care Services (All Metro)" and dated February 10, 2016.

16.    In 2018, All Metro Health Care was renamed as Simplura Health Group ("Simplura"). Attached hereto as Exhibit "12" is a true and correct copy of a press release issued over *PRNewswire*, entitled "All Metro Health Care Rebrands as Simplura Health Group," and dated January 23, 2018.

17.    In November 2020, Simplura was acquired by Providence Service Corporation ("Providence"). Providence is now known as ModivCare.

18.    Haney is currently CEO of the Pennsylvania Homecare Association. Attached hereto as Exhibit "13" is a true and correct copy of the Haney's biography included on the Pennsylvania Homecare Association's website, accessed and saved as a pdf in April 2025.

19.    From its investigation, AF&T also learned that in May 2017, Skrypski was stopped by law enforcement for suspicion of driving while under the influence of alcohol ("DUI"). Mr. Skrypski reportedly refused to take a chemical test and on June 9, 2017, the Pennsylvania Department of Transportation issued a written notice informing him that his driver's license had been suspended for the chemical test refusal. Mr. Skrypski appealed that decision on the grounds that the suspension was unlawful. Mr. Skrypski claimed that he was not in violation of the relevant criminal statute, his detention had been unlawful, the officer did not have reasonable grounds to believe he was operating a vehicle under the influence of alcohol, and that he was not warned that refusing to submit to the chemical test would result in a suspended license. On October 30, 2017, Skrypski withdrew his appeal and the next hearing was deferred to May 2018.  No further records were found and no other information was available regarding this matter.

20.    Attached hereto as Exhibit "14" is a true and correct copy of the Appeal from the Suspension of Operating Privileges filed in *Skrypski v. Cth of Pa.*, *Dep't of Transp., Bureau of Driver Licensing*, Pa. C.P. (Luzerne Cty.) Case No. 2017 CV 07608, and dated June 23, 2017.

21.    Attached hereto as Exhibit "15" is a true and correct copy of the Plaintiff's Brief in Support filed in *Skrypski v. Cth of Pa.*, *Dep't of Transp., Bureau of Driver Licensing*, Pa. C.P. (Luzerne Cty.) Case No. 2017 CV 07608, and dated August 3, 2017.

22.    Attached hereto as Exhibit "16" is a true and correct copy of three one-page continuance orders filed in *Skrypski v. Cth of Pa.*, *Dep't of Transp., Bureau of Driver Licensing*, Pa. C.P. (Luzerne Cty.) Case No. 2017 CV 07608, and dated September 25, 2017, October 10, 2017, and October 30, 2017, respectively.

- 4 -

23.    A second legal proceeding involving Skrypski was brought, relating to either this or another DUI, and filed in Luzerne County, Pennsylvania on July 25, 2017. *See* Pa. C.P. (Luzerne Cty.) Case No. MJ-11302-CR-0000251-2017. Additional charges for driving at an unsafe speed and disregarding a traffic lane (single) were also included in the case, brought as a criminal proceeding. Additional information on the case was not available despite direct contact with the court in Luzerne County both by telephone and onsite records retrieval. Clerks were unable to locate electronic or physical case files for the case, and indicated that it had been expunged and destroyed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed this 21st day of April 2025, at Los Angeles, California.


*/s/ Patrice L. Bishop*
Patrice L. Bishop
Declarant

- 5 -