**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00306-KAS

DINESH KALERA, Individually and on
Behalf of All Other Similarly Situated,

      Plaintiff,

  v.

MODIVCARE, INC., L. HEATH SAMPSON,
KENNETH SHEPARD, and BARBARA K.
GUTIERREZ,

      Defendants.

---

**CHRISTOPHER SKRYPSKI'S REPLY TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUSNEL**

---

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  ARGUMENT....................................................................................................... 3

   A.  IFRRF Misconstrues the PSLRA...................................................................... 3

   B.  IFRRF's Arguments Are Factually Incorrect .................................................... 6

   C.  IFRRF is Not Entitled to Discovery................................................................. 8

III. CONCLUSION.................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Adamson v. Bowen*,
   855 F.2d 668 (10th Cir. 1988) ................................................................................. 3

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ........................................................................................ 4

*Beck v. Maximus, Inc.,*
   457 F.3d 291 (3d Cir. 2006) .................................................................................... 3

*Bilinsky v. Gatos Silver, Inc.*,
   No. 22-cv-00453-PAB-KLM, 2022 U.S. Dist. LEXIS 237322 (D. Colo. June 3, 2022) . 1, 3, 4

*Blake v. Canoo Inc.,*
   No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484 (C.D. Cal. Feb. 18, 2022) ...... 4

*Born v. Quad/Graphics, Inc.,*
   No. 19-cv-10376 (VEC), 2020 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2020) ............................ 10

*Cambridge Ret. Sys. v. Mednax, Inc.,*
   No. 18-cv-61572, 2018 U.S. Dist. LEXIS 207064 (S.D. Fla. 2018) ..................................... 10

*Chupa v. Armstrong Flooring, Inc.,*
   No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506 (C.D. Cal. Mar. 2, 2020)
   ............................................................................................................................ 2, 9

*Clark v. Barrick Gold Corp.,*
   No. 13 CIV 3851 (RPP), 2013 U.S. Dist. LEXIS 135160 (S.D.N.Y. Sep. 20, 2013) .............. 3

*Constance Sczesny Trust v. KPMG LLP,*
   223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................... 5

*Deering v. Galena Biopharma, Inc.,*
   No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766 (D. Or. 2014) ................................. 10

*Ferrari v. Impath, Inc.,*
   No. 03-cv-5667(DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004) .............................. 9

*Hodges v. Immersion Corp.,*
   No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565 (N.D. Cal. Dec. 21, 2009) ................ 9

*In re Cendant Corp. Litig.,*
   264 F.3d 201 (3d Cir. 2001) .................................................................................. 5, 9

*In re Comdisco Sec. Litig.,*
150 F. Supp. 2d 943 (N.D. Ill. 2001) ...................................................................... 10

*In re Crocs, Inc.,*
No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524 (D. Colo. Sep. 17, 2008) ......... 5

*In re Groupon Sec. Litig.*,
No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012) ............................ 8

*In re Molycorp, Inc. Sec. Litig.,*
No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012) ...... 2, 5

*In re NYSE Specialists Sec. Litig.*,
240 F.R.D. 128 (S.D.N.Y. 2007) ........................................................................... 8

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.,*
No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555 (D. Colo. Nov. 18, 2009) ...... 9

*In re Ribozyme Pharm. Sec. Litig.,*
192 F.R.D. 656 (D. Colo. 2000) ............................................................................. 4

*In re SemGroup Energy Partners, L.P. Sec. Litig.,*
No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218 (N.D. Okla. Oct. 27, 2008) ........ 4, 5

*In re Tronox, Inc.,*
262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................... 9

*Mariconda v. Farmland Partners,*
No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411 (D. Colo. Dec. 3, 2018) ....... 5

*Nevarez v. Forty Niners Football Co.,*
326 F.R.D. 562 (N.D. Cal. 2018) .......................................................................... 8

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,*
63 F. Supp. 3d 394 (D. Del. 2014) ......................................................................... 5

*Perlmutter v. Intuitive Surgical, Inc.,*
No. 10-cv-03451-LHK, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. 2011) ............................. 10

*Scuderi v. Mammoth Energy Servs.,*
No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725 (W.D. Okla. Sep. 13, 2019) ............... 8

*Strougo v. Brantley Capital Corp.,*
243 F.R.D. 100 (S.D.N.Y. 2007) ........................................................................... 5

*Voulgaris v. Array Biopharma, Inc.*,

No. 22-1003, 2023 U.S. App. LEXIS 4895 (10th Cir. Feb. 27, 2023) ..................................... 4

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
    216 F.R.D. 248 (S.D.N.Y. 2003) ........................................................................................ 3

*Wolfe v. Aspenbio Pharma, Inc.,*
    275 F.R.D. 625 (D. Colo. 2011) ......................................................................................... 5

**Statutes**

15 U.S.C § 78u-4(a)(3)(B)(iii)(II)............................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................ 3

15 U.S.C. § 78u-4(a)(3)(B)(iv) ................................................................................................ 8

15 U.S.C. § 78u-4(B)(iii)(i) ................................................................................................. 1, 5

## I.    PRELIMINARY STATEMENT

With losses in excess of $184,000, Christopher Skrypski has clearly demonstrated he is the "most adequate plaintiff" to serve as the lead plaintiff in this action. There is no dispute that Mr. Skrypski is the movant with the "largest financial interest" in the outcome of the litigation, as required by the PSLRA. Mr. Skrypski has also made the required preliminary *prima facie* showing in satisfaction of the typicality and adequacy requirements of Rule 23. *Bilinsky v. Gatos Silver, Inc.*, No. 22-cv-00453-PAB-KLM, 2022 U.S. Dist. LEXIS 237322, at *7 (D. Colo. June 3, 2022) ("The movant who has the largest financial interest must only make a 'preliminary' showing that he satisfies the typicality and adequacy requirements of Rule 23"). Having satisfied the two-step test courts apply when appointing a lead plaintiff in a federal securities action, Mr. Skrypski is entitled to the statutory presumption of lead plaintiff. *See* 15 U.S.C. § 78u-4(B)(iii)(i).

Only one competing movant has attempted to rebut Mr. Skrypski's statutory presumption in opposition to his motion. This movant, Irving Firemen's Relief and Retirement Fund ("IFRRF"), makes two unsubstantiated arguments against Mr. Skrypski. First, IFRRF argues that Mr. Skrypski is atypical because he and Mia Bartoletti Haney worked at the same company, CareGivers America ("CareGivers"), approximately nine years ago before Ms. Haney went on to ultimately work at ModivCare. Through a twisted web, IFRRF struggles to make a connection between Ms. Haney and Mr. Skrypski. Arguing that since they formerly worked at the same company, Ms. Haney *may* have divulged insider information to Mr. Skrypski regarding ModivCare. *See* ECF No. 35 pp. 4-6, IFRRF's Opposition Brief. Mr. Skrypski had minimal contact with Ms. Haney while they worked at CareGivers, and he has not communicated with her since his departure from the company in 2016. *See* Supplemental Declaration of Christopher Skrypski, ¶3. Mr. Skrypski relied solely on his

professional knowledge of the healthcare services business and public information when deciding to invest in ModivCare. *Id*. at ¶2-4. IFRRF's claims suggesting that Mr. Skrypski received insider information from a co-worker nearly a decade ago falls woefully short of the "proof" necessary to rebut Mr. Skrypski's presumption as the lead plaintiff.

Second, IFRRF argues that an unrelated traffic incident from 2017 renders Mr. Skrypski inadequate and unsuitable to serve as the lead plaintiff. *See* ECF No. 35 pp. 8-9, IFRRF's Opposition Brief. This argument is unsupported by the case law on this issue. Past criminal conduct does not qualify as "proof" of inadequacy unless it bears directly on the movant's credibility by confirmed examples of past dishonesty, such as fraud. *Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *8-9 (C.D. Cal. Mar. 2, 2020). Mr. Skrypski's traffic incident (a DUI charge) occurred nearly eight years ago and was expunged in June 2019. *See* Skrypski Supp. Decl. at ¶5 & Ex. A (Expungement Order). It does not qualify as the sort of crime that disqualifies an otherwise perfectly able and motivated investor from serving as a representative in a class action lawsuit.

When stripped away of the incorrect statements of law and factual assumptions, IFRRF's arguments clearly fall short of the actual "proof" required to rebut the statutory presumption presently in Mr. Skrypski's favor. *In re Molycorp, Inc. Sec. Litig.,* No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *4-5 (D. Colo. May 29, 2012) ("[S]peculation that a movant may be either atypical or inadequate will not defeat the PSLRA's most adequate plaintiff presumption."). The Court should disregard these arguments and grant Mr. Skrypski's motion.

2

## II.     ARGUMENT

### A.     IFRRF Misconstrues the PSLRA

IFRRF misinterprets the PSLRA. The PSLRA provides that the Court must appoint the lead plaintiff movant that has the largest financial interest upon a prima facie showing of typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Skrypski meets both requirements.

With a loss of $184,496.41, Mr. Skrypski has, by far, the largest financial interest of any of the lead plaintiff movants. IFRRF concedes this point, stating that IFRRF suffered the largest loss in ModivCare stock *after* Skrypski. *See* ECF No. 35 p. 10, IFRRF's Opposition Brief. Mr. Skrypski also makes a *prima facie* showing of typicality and adequacy. The *prima facie* showing is a relatively low threshold. *Bilinsky,* 2022 U.S. Dist. LEXIS 237322, at *7 ("The movant who has the largest financial interest must only make a 'preliminary' showing that he satisfies the typicality and adequacy requirements of Rule 23"); *see also Clark v. Barrick Gold Corp.,* No. 13 CIV 3851 (RPP), 2013 U.S. Dist. LEXIS 135160, at *5 (S.D.N.Y. Sep. 20, 2013). In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (alteration in original).

As set forth in his opening and opposition briefs (ECF Nos. 16, 34), Mr. Skrypski satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3) because his claims are "based on the same legal or remedial theory" as those of absent class members. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). *See also Beck v. Maximus, Inc.,* 457 F.3d 291, 295-96 (3d Cir. 2006) (typicality requirement satisfied where class representative's claims are "typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.")

3

(quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)). Likewise, Mr. Skrypski satisfies the adequacy requirement of Rule 23(a)(4) because (i) "there is an absence of potential conflict between" Mr. Skrypski and the other members of the putative class, and (ii) his chosen counsel, Levi & Korsinsky, LLP, are "'qualified, experienced and able to vigorously conduct the proposed litigation.'" *In re Ribozyme Pharm. Sec. Litig.,* 192 F.R.D. 656, 659 (D. Colo. 2000); *see also Voulgaris v. Array Biopharma, Inc.*, No. 22-1003, 2023 U.S. App. LEXIS 4895, at *9-10 (10th Cir. Feb. 27, 2023) (affirming district court's holding that "[Levi & Korsinsky] has extensive and significant experience in the highly specialized field of securities class action litigation").

In light of the foregoing, Mr. Skrypski properly made a *prima facie* showing of his adequacy to serve as the lead plaintiff and, in turn, his entitlement to the statutory presumption of "most adequate plaintiff" under the PLSRA. Indeed, as illustrated under the case law, Mr. Skrypski's certification, selection of counsel, and background information provides more than enough information to demonstrate his adequacy to serve as the lead plaintiff. *Bilinsky*, 2022 U.S. Dist. LEXIS 237322, at *8 (lead plaintiff movant demonstrated adequacy by submitting declaration attesting to his background, investment experience, substantial losses, and the understanding of the requirements of serving as lead plaintiff); *Blake v. Canoo Inc.,* No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484, at *15-16 (C.D. Cal. Feb. 18, 2022) (appointed movant who provided declaration containing background information); *In re SemGroup Energy Partners, L.P. Sec. Litig.,* No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *6 (N.D. Okla. Oct. 27, 2008) (declaration from movant supports finding of adequacy and counsels in favor of appointment).

Mr. Skrypski's preliminary showing of both the largest loss and satisfaction of Rule 23 entitles him to the presumption of "most adequate plaintiff." 15 U.S.C. § 78u-4(B)(iii)(i). This presumption may be rebutted only upon ***proof*** by a class member that Mr. Skrypski "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Wolfe v. Aspenbio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011); *see also Mariconda v. Farmland Partners,* No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411, at *14 (D. Colo. Dec. 3, 2018) (same); *In re Molycorp, Inc. Sec. Litig.,* 2012 U.S. Dist. LEXIS 89191, at *4-6 ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, ***speculation*** that a movant may be either atypical or inadequate ***will not defeat*** the PSLRA's most adequate plaintiff presumption."); *In re Crocs, Inc.,* No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7-8 (D. Colo. Sep. 17, 2008) (same). This is a statutory requirement and, in practice, requires a significant proffer of evidence. *See In re SemGroup,* 2008 U.S. Dist. LEXIS 87218, at *7-8 ("Mere inuendo and inferences will not suffice will not suffice to support allegations of atypicality, conflict of interest or unique defenses.").[1]

---

[1] *See also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 402, 407 (D. Del. 2014) (the PSLRA requires opposing movants to provide "***actual proof***" to rebut the lead plaintiff presumption, not mere assertions) (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 269 (3d Cir. 2001)) (emphasis added); *Strougo v. Brantley Capital Corp.,* 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("***Speculation and conjecture*** from one interested party ***is not enough*** to prove a nefarious collaboration.") (emphasis added); *Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject.").

IFRRF does not submit anything in terms of proof of inadequacy. Instead, they raise a handful of questions and potentialities, such as: "Skrypski *likely* had insights into ModivCare's business", "He *may* have been given tips by Haney or others from ModivCare", "Skrypski *may* have used these connections to determine when to buy and sell ModivCare stock" (emphasis added). *See* ECF No. 35 p. 5, IFRRF's Opposition Brief. IFRRF even admits that, "IFRRF cannot be certain about Skrypski's connections to Haney and whether he used information he gathered from former colleagues to trade in ModivCare stock". *Id*. Legally, these hypothetical arguments are insufficient to rebut Mr. Skrypski's role as the presumptive lead plaintiff. They also fail factually.

### B.    IFRRF's Arguments Are Factually Incorrect

IFRRF speculates that Mr. Skrypski is inadequate because 1) he worked with a ModivCare employee(s) nine years ago while at Caregivers and 2) he has a traffic violation on his driving record. Both arguments are meritless.

Mr. Skrypski did not receive any non-public material information from any of the individuals identified in IFRRF's brief or anyone else at ModivCare. *See* Skrypski Supp. Decl. at ¶¶2-4. His decision to invest in ModivCare stock was based only on public information and his 25 years of experience in the healthcare industry. *Id*. at ¶2. Mr. Skrypski thoroughly researched ModivCare before investing by, among other things, reading news about ModivCare from its website, quarterly earnings reports, press releases, and analyst reports. *Id*.

Contrary to these points and without any factual support whatsoever, IFRRF speculated that Mr. Skrypski *possibly* received material, non-public information from Ms. Haney and a handful of other individuals that he worked with at some point in his professional career. Mr.

Skrypski's Supplemental Declaration confirms that this did ***not*** happen. He states as follows:

- "At no point in time did I ever receive any non-public material information from or concerning ModivCare." *Id*. at ¶3.

- "Even while working together at CareGivers America, my interaction with Ms. Haney was minimal; we met approximately once every year at a general meeting but otherwise did not work together on a regular basis. I have not had any contact with Ms. Haney since I left CareGivers in 2016." *Id*.

- "Through my company, Compass Home Health & Rehab, I also employed Lisa Bolton, Kristin Nicholson, Scott Marek, Amanda Stark, and my wife, Meghan Skrypski. These individuals also formerly worked at CareGivers America. These individuals have never provided me with any material non-public information regarding ModivCare . . . ." *Id*. at ¶4.

IFRRF's ***only*** basis for its argument was the sheer coincidence that Mr. Skrypski worked with Ms. Haney and the other above-named individuals at CareGivers America years before ModivCare even existed. Mr. Skrypski confirms, however, that even if the scenario imagined by IFRRF was remotely within the realm of possibility, it is not true. He did not receive any inside, material non-public information about ModivCare. *Id*. at ¶¶3-4.

IFRRF additionally tries to discredit Mr. Skrypski by dredging up a traffic violation from May 2017. *See* ECF No. 35 pp. 8-9, IFRRF's Opposition Brief. The incident involved a DUI charge from May 2017 along with two associated traffic infractions (speeding and an improper lane change). *See* Skrypski Supp. Decl. at ¶5. There was only one incident and not two as IFRRF once again speculates. Furthermore, the charges were dismissed and/or expunged. *Id*. at ¶5 & Ex. A. A

traffic violation from nearly a decade ago (albeit a DUI charge) is insufficient to disqualify Mr.

Skrypski as the lead plaintiff, especially considering the outcome of the incident (expungement).

*See In re Groupon Sec. Litig.*, No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899, at *13 (N.D. Ill.

Aug. 28, 2012) ("The DUI convictions, which occurred over twenty-five years ago, are not

germane to this action and do not call into question Cohn's adequacy to serve as lead plaintiff.").

Indeed, traffic violations do not bear on Mr. Skrypski's ability to serve as a fiduciary for the Class.

*See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) ("[A]ny allegations

concerning the representative's adequacy must be relevant to the claims in the litigation.");

*Nevarez v. Forty Niners Football Co.,* 326 F.R.D. 562, 583-84 (N.D. Cal. 2018) (finding that

convictions for assaults with deadly weapons and DUI convictions that were more than 20 years

old did not render class representative inadequate); *Scuderi v. Mammoth Energy Servs.,* No. CIV-

19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *11 (W.D. Okla. Sep. 13, 2019) ("it is well

established that a criminal history alone does not defeat an individual's adequacy as a class

representative."). Nothing about Mr. Skrypski's DUI charge impugns his honesty or

trustworthiness and, for that reason, IFRRF fails to rebut Mr. Skrypski's presumption as lead

plaintiff.

## C.    IFRRF is Not Entitled to Discovery

IFRRF's request for discovery should be denied. The PSLRA allows for discovery of lead

plaintiff movants "only if the plaintiff [seeking discovery] first demonstrates a reasonable basis for

a finding that the presumptively most adequate plaintiff is incapable of adequately representing

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). Mr. Skrypski did not trade on any non-public

information and whatever traffic issues he had in the past do not interfere with his ability to serve

as lead plaintiff. Moreover, the questions IFRRF raised about Mr. Skrypski have already been answered vis-à-vis Mr. Skrypski's Supplemental Declaration.

IFRRF's only basis for seeking discovery is speculation, and does not provide any "reasonable basis" to conduct discovery. *In re Oppenheimer Rochester Funds Grp. Sec. Litig.,* No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555, at \*24-25 (D. Colo. Nov. 18, 2009); *see also Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at \*13 n.4 (C.D. Cal. Mar. 2, 2020) (rejecting request for discovery stemming from twenty-year-old felony conviction); *Hodges v. Immersion Corp.,* No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565, at \*12-13 (N.D. Cal. Dec. 21, 2009) (citing *Ferrari v. Impath, Inc.,* No. 03-cv-5667(DAB), 2004 U.S. Dist. LEXIS 13898, \*24 (S.D.N.Y. 2004) (holding, where putative class member "produced not one iota of evidence" in support of theory presumptively most adequate plaintiff would be incapable of adequately representing class, class member not entitled to discovery)); *In re Tronox, Inc.,* 262 F.R.D. 338, 347-348 (S.D.N.Y. 2009) (denying discovery request without "sufficient evidence to give rise to a reasonable basis on which to authorize discovery" and where "such discovery [would] only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome"); *In re Cendant,* 264 F.3d at 270 n.49 (discovery "may be conducted only if the plaintiff [seeking discovery], first demonstrates a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.") (alteration in original). Without any basis to support its bid for discovery, IFRRF's request for discovery should be denied.

If anyone, is IFRRF who should be ordered to provide discovery in this proceeding. As noted previously, IFRRF is a "net seller" because it sold more shares during the Class Period than

9

it purchased, thereby subjecting it to a "unique defense." *See* ECF No. 34, p. 9 n.1. "[C]ourts around the country consistently have rejected applications for lead plaintiff made by net sellers and net gainers, recognizing the difficulty of proving damages at trial." *Deering v. Galena Biopharma, Inc.,* No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *34-35 (D. Or. 2014) (collecting cases). Without knowing IFRRF's pre-Class Period holdings (including transaction information concerning gains and losses), there is no way to know if IFRRF truly lost money as a result of Defendants' alleged fraud. Indeed, when manipulative accounting methods are used to inflate a proposed lead plaintiff's claimed loss, courts typically outright reject such applicants as lead plaintiffs. *See In re Comdisco Sec. Litig.,* 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001) (rejecting proposed lead plaintiff who impermissibly used an accounting method to conceal that he sold more shares than purchased); *see also Born v. Quad/Graphics, Inc.,* No. 19-cv-10376 (VEC), 2020 U.S. Dist. LEXIS 35534, at *6 (S.D.N.Y. 2020); *Perlmutter v. Intuitive Surgical, Inc.,* No. 10-cv-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *27 (N.D. Cal. 2011). In this instance, the Court has no way of knowing what Hawes' actual financial interest is, except for a sentence written in Hawes opening brief.

## III.     CONCLUSION

For the reasons set forth above and in the opening motion papers, Mr. Skrypski respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky, LLP as Lead Counsel for the Class.

//

//

//

10

Dated: May 5, 2025                    Respectfully submitted,

                                      **LEVI & KORSINSKY, LLP**

                                      */s/ Adam M. Apton*
                                      Adam M. Apton
                                      33 Whitehall Street, 17th Floor
                                      New York, NY 10004
                                      Telephone: (212) 363-7500
                                      Facsimile: (212) 363-7171
                                      Email: aapton@zlk.com

                                      *Counsel for Christopher Skrypski and*
                                      *Proposed Lead Counsel for the Class*

11