# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00306-KAS

DINESH KALERA, Individually and on
Behalf of All Other Similarly Situated,

     Plaintiff,

  v.

MODIVCARE, INC., L. HEATH SAMPSON,
KENNETH SHEPARD, and BARBARA K.
GUTIERREZ,

     Defendants.

---

**LEAD PLAINTIFF MOVANT CHRISTOPHER SKRYPSKI'S RESPONSE TO NOTICE
OF SUGGESTION OF BANKRUPTCY (ECF NO. 41)
AND REQUEST TO SET HEARING**

---

Pursuant to Local Rule 7.1(d), lead plaintiff movant Christopher Skrypski ("Skrypski"), by and through his undersigned counsel, respectfully responds in opposition to the Notice of Suggestion of Bankruptcy filed on September 5, 2025 (ECF No. 41) (the "Suggestion of Bankruptcy") to the extent it purports that the automatic stay provided by 11 U.S.C. § 362 stays proceedings in the above-captioned action (the "Action") as to claims asserted against the non-debtor defendants L. Heath Sampson, Kenneth Shepard, Barbara K. Gutierrez (collectively the "Solvent Defendants"), and any other proceedings that do not implicate Defendant ModivCare, Inc. (the "Debtor"), including, but not limited to, resolution of the pending motions for appointment of a lead plaintiff and for selection of lead counsel filed by Skrypski (ECF No. 16, the "Skrypski Motion") and movant Irving Firemen's Relief and Retirement Fund ("IFRRF") (ECF No. 19, the "IFRRF Motion", and collectively with the Skrypski Motion, the "Lead Plaintiff Motions").

Furthermore, pursuant to Local Rule 7.1(e) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), and in order to ensure Skrypski's authority as a lead plaintiff to take whatever action would be necessary to protect the interests of the putative class, including, but not limited to any legal process, petitions, objections, motion practice, or other action in the Bankruptcy Action to protect class claims against the Solvent Defendants,[1] Skrypski respectfully requests that the Court set a hearing to decide the pending Lead Plaintiff Motions. As discussed below, certain pending matters in the Bankruptcy Action require immediate action by a

---

[1] Herein, "Bankruptcy Action" refers to the Chapter 11 Cases, including the case filed by the Debtor, filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), and being jointly administered under the lead case styled: *In re ModivCare Inc., et al.*, Case No. 2590309 (ARP).

lead plaintiff and lead counsel to prevent potential prejudice to the rights of the Class (defined below), including to comply with certain objection deadlines scheduled for **September 29, 2025**. Skrypski has retained sophisticated bankruptcy counsel with experience in chapter 11 cases where the rights of securities class action plaintiffs and class members are at risk.

As further grounds in support hereof, Skrypski states as follows:

1. The initial complaint (ECF No. 1, "Complaint") asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 on behalf of a putative class of all persons and entities that purchased or otherwise acquired ModivCare Inc. securities between November 3, 2022, and September 15, 2024, inclusive (the "Class").

2. Given that the Action asserts class action claims under the Exchange Act, it is subject to the PSLRA including the PSLRA's provisions concerning the appointment of a lead plaintiff and lead counsel. In pertinent part, these provisions within the PSLRA require courts to appoint a member of the purported class to serve as lead plaintiff and approve his or her attorneys as lead counsel. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(i).

3. On March 31, 2025, Skrypski, IFRRF, and movants Dinesh Kalera and Matt Rose filed motions for appointment as lead plaintiff and selection of their choice of counsel. ECF Nos. 16, 18, 19, 21. On April 21, 2025, movants Kalera and Rose filed notices asserting that they did not oppose the competing lead plaintiff motions. ECF Nos. 32-33. On May 5, 2025, Skrypski's and IFRRF's Lead Plaintiff Motions were fully briefed and are pending, *sub judice*. *See* ECF Nos. 16-17, 19-20, 34-40.

**I.     THE AUTOMATIC STAY DOES NOT APPLY TO THE SOLVENT DEFENDANTS, WHO ARE NOT DEBTORS IN THE BANKRUPTCY ACTION**

4.      On August 20, 2025, Debtor and its affiliates filed voluntarily petitions pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

5.      On September 5, 2025, the Suggestion of Bankruptcy was filed in this action, albeit with imprecision as to its applicability. Specifically, the Suggestion of Bankruptcy begins by noting "[t]he undersigned files this suggestion of bankruptcy" rather than identifying a named defendant as the filer. ECF No. 41 at 1. The "undersigned" were defense counsel with Gibson, Dunn & Crutcher, LLP, whose signature block identified them as "Attorneys for Defendants Modivcare, Inc., L. Heath Sampson, Kenneth Shepard, and Barbara K. Gutierrez." *Id.* at 3. Moreover, the Suggestion of Bankruptcy was filed using the Court's ECF/CM system on behalf of both the Debtor and the Solvent Defendants as electronic filers.

6.      However, the Suggestion of Bankruptcy only identifies defendant ModivCare, Inc. as a "Debtor" and as the only defendant having filed a bankruptcy petition. ECF No. 41 at 1. ModivCare is the only defendant that is a debtor in the Bankruptcy Action.  Moreover, the Suggestion of Bankruptcy states that the automatic stay pursuant to Bankruptcy Code section 362 applies to a list of actions affecting the Debtor and its estate, but does not mention actions against non-debtors. Accordingly, although vague, the Suggestion of Bankruptcy does not purport to enforce a stay of claims against the Solvent Defendants —nor can it, as the automatic stay does not apply to non-debtors unless the debtor obtains the extraordinary relief from the Bankruptcy Court of extending the stay to non-debtors such as the Solvent Defendants.  Such an extension of the automatic stay has not been sought (much less obtained) in the Bankruptcy Court, this Court,

3

or any other forum. Accordingly, there is no basis for a stay of claims against the Solvent Defendants.

7.      Furthermore, even if the Solvent Defendants had properly moved for an extension of the automatic stay, such motion would lack merit and be denied. It is well settled that "the language" of Bankruptcy Code section 362 "extends stay proceedings only to actions 'against the debtor.' There is nothing in the statute which purports to extend the stay to causes of action against solvent co-defendants of the debtor" such as the Solvent Defendants here. *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984). Thus, "the rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants of the debtor." *Okla. Federated Gold & Numismatics v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); *see also In re Thornburg Mortg. Secs. Litig.*, 824 F. Supp. 2d 1214, 1279 (D.N.M. 2011) (following *Fortier* and *Blodgett* and finding that automatic stay against debtor defendant did not require court to reserve judgment on claims against non-debtor individual defendants).

8.      Accordingly, the automatic bankruptcy stay does not apply to the Solvent Defendants.

**II.      THE COURT SHOULD SET A HEARING FOR THE LEAD PLAINTIFF MOTIONS TO EMPOWER A LEAD PLAINTIFF TO TAKE ANY MEASURES NECESSARY TO PROTECT THE CLASS**

9.      Pursuant to Local Rule 7.1(e) and the PSLRA, Skrypski respectfully requests the Court set a hearing on the Lead Plaintiff Motions. This request is driven in large part by exigent circumstances arising from ModivCare's recent filing of the Bankruptcy Action. Without formal appointment as lead plaintiff, Skrypski is at risk of not being able to protect the Class's interests in ModivCare's bankruptcy proceedings.

10.     Additionally, the Bankruptcy Action is proceeding rapidly. On September 4, 2025, Debtor and its affiliates filed a proposed Joint Chapter 11 Plan of Reorganization of ModivCare Inc. and its Debtor Affiliates (the "Plan"). *See* **Exhibit 1**, hereto. Also on September 4, 2025, Debtor and its affiliates filed a Disclosure Statement for Joint Chapter 11 Plan of Reorganization of ModivCare Inc. and its Debtor Affiliates (the "Disclosure Statement").  *See* **Exhibit 2**, hereto. According to the Plan and the Disclosure Statement, the Debtor is proposing a "Third-Party Release" that may jeopardize putative Class members' rights who do not affirmatively opt out. *See* **Exhibit 1**, Art. X, Sec. 10.6(b). Furthermore, on September 4, 2025, the Debtor filed an emergency motion for a hearing regarding, *inter alia*, approval of the Plan and the Disclosure Statement. *See* Bankruptcy Case, Dkt. No. 122.

11.     The deadline to oppose approval of the Disclosure Statement and the accompanying Plan solicitation procedures, which propose to implement the opt-out mechanism effectuating the Third-Party Release, is **September 29, 2025**.  The deadline to file proofs of claim in the Bankruptcy Action (including a claim on behalf of the Class) is **October 1, 2025**. Affirmative steps must be taken in the Bankruptcy Action before those deadlines to prevent potential prejudice to the Class. Skrypski understands, on advice of his specialized bankruptcy counsel, that legal work to prepare for these deadlines needs to begin promptly.

12.     Accordingly, this Action requires appointment of a lead plaintiff invested with authority to act on behalf of the Class in order to protect the Class's interests by, for example, attending hearings in the Bankruptcy Court, objecting to potential involuntary third-party releases contained in ModivCare's Plan and Disclosure Statement, and/or opting out of the proposed third party release on a classwide basis.

5

13.    Thus, Skrypski respectfully requests that the Court set a hearing on the Lead Plaintiff Motions as soon as possible to advance resolution of such motions and provide the eventual lead plaintiff with the ability to act on behalf of the Class in this Action as well as the Bankruptcy Action. If left unappointed, the Bankruptcy Action may progress to a point where it will be too late to prevent prejudice to the Class that might otherwise occur absent their involvement. This prejudice may, for example, involve the confirmation of a reorganization plan that contains third-party releases and injunctions that prevent movants Skrypski and IFRRF from pursuing claims against the Solvent Defendants for the benefit of the Class.

14.    Undersigned counsel for Skrypski inquired of counsel for IFRRF, via email, whether IFRRF took a position on Skrypski's request for oral argument on the Lead Plaintiff Motions, however Skrypski has not received a response. Undersigned counsel for Skrypski also conferred with counsel for the Solvent Defendants who advised that they take no position on Skrypski's request for oral argument on the Lead Plaintiff Motions.

**WHEREFORE**, the automatic bankruptcy stay does not, and cannot, stay this Action against the Solvent Defendants. Moreover, in order to properly safeguard the Class's interests in the bankruptcy, Skrypski respectfully requests the Court set a hearing for the Lead Plaintiff Motions.

DATED: September 19, 2025        **LEVI & KORSINSKY, LLP**

        */s/ Gregory M. Potrepka*
        Shannon L. Hopkins
        Gregory M. Potrepka
        Morgan M. Embleton
        1111 Summer Street, Suite 403
        Stamford, Connecticut 06905
        Tel. (203) 992-4523
        Fax: (212) 363-7500
        E-mail: shopkins@zlk.com
               gpotrepka@zlk.com
               membleton@zlk.com

        Adam M. Apton
        33 Whitehall Street, 27th Floor
        New York, NY 10004
        Telephone: (212) 363-7500
        Facsimile: (212) 363-7171
        Email: aapton@zlk.com

        *Attorneys for Proposed Lead Plaintiff*
        *Christopher Skrypski and Proposed Lead*
        *Counsel for the Class*