IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 1:25-cv-00306-GPG-KAS

DANESH KALERA, Individual and on
Behalf of All Other Similarly Situated,

    Plaintiff,

v.

MODIVCARE, INC., L. HEATH SAMPSON,
KENNETH SHEPARD, and BARBARA K.
GUTIERREZ,

    Defendants.

# ORDER

Before the Court are four competing motions for appointment as lead plaintiff and for approval of counsel in this putative class action: Motion of Christopher Skrypski for Appointment as Lead Plaintiff and Approval of Selection of Counsel (D. 16); Motion by Danesh Kalera for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (D. 18); Notice of Motion of Irving Firemen's Relief and Retirement Fund for Appointment as Lead Plaintiff and Approval of Counsel (D. 19); and Notice of Motion and Motion of Matt Rose for Appointment as Lead Plaintiff and Approval of Lead Counsel (D. 21) (the Lead Plaintiff Motions).[1]  The Court concludes that Movant Skrypski is most capable of adequately representing the interests of the

---

[1] Movants Danesh Kalera and Matt Rose each filed a notice of non-opposition to the competing motions for appointment as lead plaintiff and approval of lead counsel after recognizing they do not have the "largest financial interest" in this litigation (D. 33; D. 32).

1

class, and therefore GRANTS Movant Skrypski's motion for appointment as lead plaintiff and Levi & Korsinsky, LLP as lead counsel (D. 16). The three other movants' motions are DENIED (D. 18; D. 19; D. 21).

## I. FACTS

The four pending Lead Plaintiff Motions relate to a proposed class action against ModivCare, Inc. and three ModivCare executives (D. 1). The Class Action Complaint for Violation of the Federal Securities Laws, brought on behalf of a proposed class "consisting of all persons and entities that purchased or otherwise acquired ModivCare securities [between] November 3, 2022, and September 15, 2024, inclusive, and who were damaged thereby," alleges that ModivCare and its executives misled the market to believe certain contracts used in its non-emergency medical transportation segment mitigated risks to its free cash flow (*id.* at ¶¶ 2, 39). These misstatements allegedly began to surface in May 2023, when ModivCare issued a press release reporting its financial results for the first quarter 2023 (*id.* at ¶ 29). Following this disclosure, ModivCare's stock price fell nearly 16% (*id.* at ¶ 30). ModivCare's stock fell four more times, in August 2023, February 2024, and September 2024, after issuing further reports of its financial results (*id.* at ¶¶ 31-38).

Plaintiff Danesh Kalera filed the Complaint on January 29, 2025 (D. 1). Movants Skrypski, Kalera, Rose, and Irving Firemen's Relief and Retirement Fund (IFRRF) now vie to serve as the proposed class's lead plaintiff (D. 16; D. 18; D. 19; D. 21).

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act (PSLRA) specifies the "procedure that governs the appointment of lead plaintiffs in 'each private action arising under [the Exchange Act]

2

that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657 (D. Colo. 2000) (quoting 15 U.S.C. § 78u-4(a)(1)). The PSLRA requires that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice" advising members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period," as well as the deadline for moving to serve as lead plaintiff (60 days from the notice's publication). 15 U.S.C. § 78u-4(a)(3)(A)(i). And within 90 days of the notice's publication, "the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member . . . the court determines to be the most capable of adequately representing the interests of the class members."[2] 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, the "person or group that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23" is presumptively the "most adequate plaintiff." *Medina v. Clovis Oncology, Inc.*, No. 15-cv-02546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Though the PSLRA nominally requires courts to consider whether Federal Rule of Civil Procedural 23's requirements have been satisfied, only two of Rule 23's four requirements—typicality and adequacy—are relevant in the context of lead plaintiff appointments. *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627–28 (D. Colo.

---

[2] In this case, the early notice required by the PSLRA was published on January 29, 2025 (D. 17-3). Accordingly, a ruling on the Lead Plaintiff Motions was theoretically required by April 30, 2025. But this action was not assigned to the undersigned until April 2, 2025 (D. 24). While strict compliance with the PSLRA deadline was not possible under these circumstances, the Court endeavored to rule on the Lead Plaintiff Motions as promptly as possible so that this matter may proceed efficiently.

2011). The "most adequate plaintiff" presumption may be rebutted if a member of the purported class proves that the presumptively most adequate plaintiff will not fairly and adequately protect the class's interests or is "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. at 658 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)).

Once selected, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "As such, approval of lead counsel is a matter within the discretion of the Court." *Medina*, 2016 WL 660133, at *4 (citing *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 221 (D.N.J. 1999)). In exercising this discretion, the Court must determine whether the proposed lead counsel are "qualified, experienced[,] and able to vigorously conduct the proposed litigation." *Armbruster v. Gaia, Inc.*, No. 22-CV-03267-NYW-STV, 2023 WL 2613817, at *4 (D. Colo. Mar. 23, 2023) (quoting *Darwin v. Taylor*, No. 12-cv-01038-CMA-CBS, 2012 WL 5250400, at *8 (D. Colo. Oct. 23, 2012)). The Court will "only disturb the lead plaintiff's choice of counsel if necessary to 'fairly and adequately protect the interests of the class.'" *Id.* (quoting *In re Molson Coors Brewing Co. Sec. Litig.*, No. 19-cv-00455-DME-MEH, 2019 WL 10301639, at *3 (D. Colo. Oct. 3, 2019)).

### III. ANALYSIS

The Court first considers whether the PSLRA's early notice requirements have been satisfied. Plaintiff's counsel published notice of this lawsuit in *Newsfile Corp.* on January 29, 2025, the day the Complaint was filed (D. 1; D. 17-3). The notice was therefore timely. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i) (requiring early notice to be published within 20 days after the complaint is filed). Publishing in *Newsfile Corp.* provides sufficient notice for purposes of 15

U.S.C. § 78u–4(a)(3)(A)(i). *See, e.g.*, *Greene v. Prince,* No. 23CV01165KMLDW, 2023 WL 6785119, at *2 (D.N.J. Oct. 13, 2023); *van Boxtel v. Tenet Fintech Grp. Inc.*, No. 21-CV-6461 (PKC) (RLM), 2022 WL 22911165, at *3 (E.D.N.Y. Feb. 10, 2022). The Court has reviewed the notice and concludes that it meets the PSLRA's additional requirements because it advises members of the purported class of (1) the action's pendency, (2) the claims the action asserts, (3) the purported class period, and (4) the 60-day deadline for moving to serve as lead plaintiff (D. 5-4). All four Lead Plaintiff Motions were filed within the 60-day post-notice period and are thus timely (*see* D. 16; D. 18; D. 19; D. 21).

### A. Appointment of Christopher Skrypski as Lead Plaintiff

Movant Skrypski is presumptively the most adequate plaintiff to represent the class under the PLSRA, and the other movants have failed to overcome that presumption. First, Movant Skrypski made a motion in response to a notice. He filed the instant motion for appointment as lead plaintiff in response to Plaintiff's notice that a securities class action had been filed against ModivCare (D. 16 at 11). Second, out of all movants, Movant Skrypski has the largest financial interest in the relief sought. He claims a loss of $184, 496.41 (*id.* at 12), compared to movant IFRRF's $21,696.87 (D. 35 at 5), movant Rose's $14,159 (D. 21 at 13), and Movant Kalera's $1,333 (D. 18 at 8). Third, Movant Skrypski's claims are typical of those of the class. Movant Skrypski allegedly suffered the same injuries as the absent class members as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues (D. 16 at 13). *See DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1199 (10th Cir. 2010) ("[T]ypicality exists where . . . all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances."). Similarly to the other members of the class,

Movant Skrypski claims that he acquired ModivCare securities during the Class Period at artificially inflated prices and was damaged thereby (D. 16 at 14). Fourth, the Court finds that Movant Skrypski will fairly and adequately protect the interests of the class. He does not present a conflict of interest with any other class member, and he asserts that he will prosecute the action vigorously. *See Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187–88 (10th Cir. 2002) ("Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998))).

Movant IFRRF argues that Movant Skrypski does not satisfy the Rule 23 typicality and adequacy requirements, and if Movant Skrypski's motion is granted, Movant IFRRF should be allowed to conduct limited discovery (D. 35). Relevant to Movant IFRRF's argument against typicality is Patrice Bishop's declaration that Movant Skrypski was employed at CareGivers America (CareGivers) from 2009 to 2016, during which time Mia Bartoletti Haney served as the company's President (D. 36 at ¶¶ 4, 13). CareGivers was acquired by Defendant ModivCare in 2020, and Haney was appointed the Chief Operating Officer of the Personal Care Division at ModivCare in 2023 (*id.* at ¶ 13). She remained in that role through the start of the Class Period but left in September 2023 and is now CEO of an unaffiliated company (*id.*). Movant IFRRF claims that these facts make Movant Skrypski an atypical plaintiff because he "likely had insights into ModivCare's business" from the fact that he worked at a company that was acquired by ModivCare and "his communications with Haney" (D. 35 at 5). According to Movant IFRRF,

6

"[t]his special information renders him atypical and prevents him from being able to show that his claims are the same (or similar) to the other Class members" (*id.* at 7).

The Court is unconvinced by Movant IFRRF's argument on this point. Movant IFRRF does not include any proof of its allegations against Skrypski, as is required under 15 U.S.C § 78u-4(a)(3)(B)(iii)(II) to overcome a presumption of most adequate plaintiff. Furthermore, Movant Skrypski denies having ever "receive[d] any non-public material information from any of the individuals identified in IFRRF's brief or anyone else at ModivCare" (D. 38 at 11). Movant Skrypski states that during his employment at CareGivers, he interacted with Haney approximately once a year at a general meeting, and he has not had any contact with her since he left in 2016 (*id.* at 12).

As for Movant Skrypski's adequacy, Movant IFRRF argues that Movant Skrypski fails to provide details supporting his claim that he has investing experience and experience hiring and overseeing attorneys for business matters (D. 35 at 7). Movant IFRRF further argues that Movant Skrypski was stopped by law enforcement for suspicion of driving while under the influence of alcohol in 2017, "rais[ing] questions regarding Skrypski's candor and character, and rais[ing] doubts about his ability to function as a fiduciary for other Class members" (*id.* at 9).

Again, the Court is unpersuaded by Movant IFRRF's argument. Even assuming that Movant Skrypski lacks investing experience, that has no bearing on whether he has a conflict of interest with other class members or his ability to vigorously prosecute the action – the two relevant questions for determining adequacy. *See Rutter,* 314 F.3d 1180, 1187–88 (10th Cir. 2002) ("Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs

7

and their counsel prosecute the action vigorously on behalf of the class?"). Additionally, Movant Skrypski's DUI charge was dismissed and/or expunged (D. 38 at 12). For these reasons, Movant IFRRF has failed to demonstrate a reasonable basis for finding that Movant Skrypski is incapable of adequately representing the class, and its request for leave to conduct limited discovery is denied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv) ("[D]iscovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.").

Thus, Movant IFRRF's arguments fail to overcome the presumption that Movant Skrypski is the most adequate plaintiff, and the Court GRANTS Movant Skrypski's Motion for Appointment as Lead Plaintiff.

### B. Appointment of Levi & Korsinsky, LLP as Lead Counsel

The Court approves Movant Skrypski's choice of Levi & Korsinsky, LLP as lead counsel. The Court has reviewed the firm resume filed with Movant Skrypski's Lead Plaintiff Motion (D. 17-5) and concludes that the firm is qualified, experienced, and able to vigorously conduct the proposed litigation. The firm has experience serving as lead counsel in securities class actions and has on several occasions secured multi-million-dollar recoveries on behalf of investors. Therefore, the Court sees no reason to disturb Movant Skrypski's selection and accordingly GRANTS Movant Skrypski's request to approve Levi & Korsinsky, LLP as lead counsel.

### IV. CONCLUSION

Based on the foregoing, IT IS ORDERED that: (1) Movant Skrypski's Motion for Apointment as Lead Plaintiff and Approval of Selection of Counsel (D. 16) is GRANTED; (2)

8

Movant Skrypski is APPOINTED as lead plaintiff; (3) Levi & Korsinsky, LLP is APPOINTED as lead counsel; (4) Movant Kalera's Motion (D. 18) is DENIED; (5) Movant IRRF's Motion (D. 19) is DENIED; and (6) Movant Rose's Motion (D. 21) is DENIED.

DATED October 27, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge