IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00306-GPG-KAS,

CHRISTOPHER SKRYPSKI, individually
and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

L. HEATH SAMPSON, KENNETH
SHEPARD, and BARBARA K.
GUTIERREZ,

      Defendants.

---

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT (DKT. 54)**

---

Pursuant to Federal Rule of Evidence 201(b), Defendants L. Heath Sampson, Kenneth Shepard, and Barbara K. Gutierrez respectfully request that the Court take judicial notice of, or consider, Exhibits 1 through 12 attached to the accompanying declaration of Allison K. Kostecka, in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Complaint").[1]

## I. ARGUMENT

Ordinarily, courts assessing the sufficiency of a complaint can only consider the allegations within the four corners of the complaint. There are, however, exceptions to this general rule for "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (cleaned up).

Even "if a plaintiff does not incorporate by reference or attach a document to its complaint, [if] the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Heiner v. Watford*, 2022 WL 18777077, at *1 (D. Colo. Nov. 21, 2022), *report and recommendation adopted*, 2023 WL 2824288

---

[1] Pursuant to Uniform Civil Practice Standards 7.1B and Local Rule 7.1, Defendants conferred with Plaintiff regarding their Request for Judicial Notice. Plaintiff indicated that he will evaluate whether it is necessary to oppose this Request after reviewing the exhibits cited and the propositions for which they are cited.

(D. Colo. Mar. 27, 2023). Judicial notice may be taken at any stage of the judicial proceeding, including the motion to dismiss stage. Fed. R. Evid. 201(d); *see also In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1155 (D.N.M. 2017). Courts can take judicial notice of facts that are capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (judicially noticeable information includes "facts which are a matter of public record"), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). "In securities cases it is not unusual to consider 'documents incorporated by reference into the complaint, public documents filed with the [Securities and Exchange Commission ("SEC")], and documents the plaintiffs relied upon in bringing suit.'" *Heiner*, 2022 WL 18777077, at *1.

The Complaint relies on several documents in support of its claims, and the authenticity of these documents cannot be reasonably disputed. Moreover, many of these documents are a matter of public record that are properly subject to judicial notice. Pursuant to Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of Exhibits 1 through 12.

## A.    Earnings Calls and Investor Conference Transcripts

Exhibit 1 is a transcript from ModivCare's earnings call for the first quarter of 2023 (Q1 2023) held on May 4, 2023, which is discussed in paragraphs 187–190, 193–195, 197–201, and 355 of the Complaint. Exhibit 2 is a transcript from ModivCare's earnings call for the third quarter of 2023 (Q3 2023) held on November 3, 2023, which is discussed

in paragraphs 86 and 236–241 of the Complaint. Exhibit 3 is a transcript from ModivCare's earnings call for the second quarter of 2023 (Q2 2023) held on August 4, 2023, which is discussed in paragraphs 215–217, 219–222, and 358–359 of the Complaint. Exhibit 4 is a transcript from ModivCare's earnings call for the full fiscal year of 2023 (FY2023) held on February 23, 2024, which is discussed in paragraphs 254–266, 268–271, 273–276, 344–347, and 369–370 of the Complaint. Exhibit 5 is a transcript from ModivCare's earnings call for the full fiscal year for 2022 (FY2022) held on February 23, 2023, which is discussed in paragraphs 97–98 and 339 of the Complaint. Exhibit 6 is a transcript from the November 28, 2023 Bank of America Securities – Leveraged Finance Conference, which is discussed in paragraphs 247–250 and 342 of the Complaint. These transcripts are referred to and relied on in the Complaint, "central to the plaintiff's claim[s]," and their authenticity cannot be disputed, so the Court can therefore consider Exhibits 1 through 6 when ruling on Defendants' motion to dismiss. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp.*, 130 F.3d at 1384.

**B.    SEC Filings**

Exhibit 7 is an excerpt of ModivCare's Form 10-K for the fiscal period ending December 31, 2022, dated March 7, 2023, which is discussed and cited in paragraphs 95–96, 176–181, 185, 226, and 245 of the Complaint. Exhibit 8 is an excerpt of ModivCare's Form 10-K for the fiscal period ending December 31, 2023, dated February 26, 2024, which is discussed in and cited in paragraphs 277–282 of the Complaint. Exhibit 9 is an excerpt of ModivCare's Form 10-Q for the fiscal period ending September 30, 2022 (Q3 2022), dated November 8, 2022, which is discussed in and cited in

paragraphs 168–170 and 174 of the Complaint. Exhibit 10 is an excerpt of ModivCare's Form 10-Q for the fiscal period ending March 31, 2023 (Q1 2023), dated May 4, 2023, which is cited in paragraphs 183–185 of the Complaint. Exhibit 11 is an excerpt of ModivCare's Form 10-Q for the fiscal period ending June 30, 2023 (Q2 2023), dated August 4, 2023, which is discussed and cited in paragraphs 224–226 of the Complaint. Exhibit 12 is an excerpt of ModivCare's Form 10-Q for the fiscal period ending September 30, 2023 (Q3 2023), dated November 3, 2023, which is cited in paragraphs 243–245 of the Complaint. These exhibits are "document[s] . . . referred to in the complaint and . . . central to the plaintiff's claim," and their authenticity cannot reasonably be disputed. *GFF Corp.*, 130 F.3d at 1384.

In addition to being referred to and relied on in the Complaint, Exhibits 7 through 12 are judicially noticeable as they are ModivCare's public filings made with the SEC. Courts routinely take judicial notice of documents such as these that are filed with the SEC. *See, e.g.*, *In re Thornburg Mortg., Inc. Sec. Litig.*, 2009 WL 5851089, at *3 (D.N.M. Dec. 21, 2009) (taking judicial notice of SEC filings given they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned") (quoting Fed R. Evid. 201(b)); *Heiner*, 2022 WL 18777077, at *1. Accordingly, the Court should incorporate by reference and take judicial notice of Exhibits 7 through 12.

## II. CONCLUSION

For the foregoing reasons, Exhibits 1 through 12 may be considered on Defendants' motion to dismiss because they are central to Plaintiff's claims in the

Complaint and are subject to judicial notice.


Dated: March 10, 2026                          GIBSON, DUNN & CRUTCHER LLP


By: */s/ Monica K. Loseman*
    Monica K. Loseman
    mloseman@gibsondunn.com
    Allison Kostecka
    akostecka@gibsondunn.com
    Lydia Lulkin
    llulkin@gibsondunn.com
    GIBSON, DUNN & CRUTCHER, LLP
    1900 Lawrence St, Suite 3000,
    Denver, CO 80202
    Telephone: 303.298.5700
    Facsimile: 303.298.2829

    Brian M. Lutz
    blutz@gibsondunn.com
    GIBSON, DUNN & CRUTCHER, LLP
    One Embarcadero Center, # 2600,
    San Francisco, CA 9411
    Telephone: 415.393.8200


    *Counsel for L. Heath Sampson, Kenneth Shepard, and Barbara K. Gutierrez*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, a true and correct copy of the foregoing was served via the ECF/PACER to counsel of record.

*/s/ Lynette Apodaca*
Lynette Apodaca